# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
MARIO PAREDES

       Plaintiff(s),

 -against-

BRIAN BRONSON and LILY TRANSPORTATION
CORP.

       Defendant(s).
---------------------------------------------------------------X

**SUMMONS**

Plaintiff(s) designate
BRONX County as the place of
trial.

The basis of the venue is
Plaintiff Residence

Plaintiff(s) reside at
2873 Waterbury Avenue
Apartment #2
Bronx, NY 10461

Index No.:
Date Summons &
Complaint Filed:

**To the above named Defendant(s)**

 **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Port Washington, New York
   June 1, 2022

              By:_____
              Gerard Ryan, III
              **Parker Waichman LLP**
              *Office & Post Office Address:*
              6 Harbor Park Drive
              Port Washington, NY 11050
              (516) 466-6500
              Our File # 2102922

TO: Brian Bronson
   424 Hudson Street
   Forest City, PA 18421

   Lily Transportation Corp.
   17 Lockwood Avenue
   Yonkers, NY 10701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
MARIO PAREDES

                Plaintiff(s),

    -against-

BRIAN BRONSON and LILY TRANSPORTATION
CORP.

                Defendant(s).
------------------------------------------------------------------X

**VERIFIED COMPLAINT**
Index #

Plaintiff(s), by his attorneys, Parker Waichman LLP, as and for a cause of action alleges upon information and belief as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times herein mentioned, plaintiff, was and still is resident of the County of Bronx, State of New York.

2. At all times herein mentioned, defendant, Brian Bronson, was and still is a resident of the County of Susquehanna, State of New York.

3. At all times herein mentioned, defendant, Lily Transportation Corp., was and still is domestic corporation duly authorized and existing under and by virtues of the laws of the State of New York.

4. That this action falls within one or more of the exceptions as set forth in CPLR §1602 §1602(1), §1602(2), §1602(3), §1602(4), §1602(5), §1602(6), §1602(7), §1602(8), §1602(9), §1602(10), §1602(11), and §1602(12) of the State of New York.

5. At all times herein mentioned, defendant, Lily Transportation Corp., was the owner of a motor vehicle bearing Indiana State registration number 2643154.

6. At all times hereinafter mentioned, defendant, Lily Transportation Corp., was the lessee of a motor vehicle bearing Indiana State registration number 26431554.

7.  At all times hereinafter mentioned, defendant Brian Bronson was an employee of defendant, Lily Transportation Corp.

8.  At all times hereinafter mentioned, defendant Brian Bronson was in the course and scope of his employment with defendant, Lily Transportation Corp.

9.  At all times hereinafter mentioned, defendant, Brian Bronson, operated the aforesaid motor vehicle bearing Indiana State registration number 2643154.

10. At all times hereinafter mentioned, defendant, Brian Bronson, operated the motor vehicle with the permission of defendant, Lily Transportation Corp.

11. At all times hereinafter mentioned, defendant, Brian Bronson, operated the aforementioned motor vehicle with the knowledge of the defendant, Lily Transportation Corp.

12. At all times hereinafter mentioned, defendant, Brian Bronson, operated the aforementioned motor vehicle with the consent of the defendant, Lily Transportation Corp.

13. At all times hereinafter mentioned, defendant, Brian Bronson, managed the aforesaid motor vehicle.

14. At all times hereinafter mentioned, defendant, Lily Transportation Corp., managed the aforesaid motor vehicle.

15. At all times hereinafter mentioned, defendant, Brian Bronson, maintained the aforesaid motor vehicle.

16. At all times hereinafter mentioned, defendant, Lily Transportation Corp., maintained the aforesaid motor vehicle.

17. At all times hereinafter mentioned, defendant, Brian Bronson, controlled the aforesaid motor vehicle.

18. At all times hereinafter mentioned, defendant, Lily Transportation Corp., controlled the aforesaid motor vehicle.

19. At all times hereinafter mentioned, defendant, Brian Bronson, repaired the aforesaid motor vehicle.

2

20. At all times hereinafter mentioned, defendant, Lily Transportation Corp., repaired the aforesaid motor vehicle.

21. At all times hereinafter mentioned, defendant, Brian Bronson, inspected the aforesaid motor vehicle.

22. At all times hereinafter mentioned, defendant, Lily Transportation Corp., inspected the aforesaid motor vehicle.

23. At all times hereinafter mentioned, defendant, Brian Bronson, supervised the aforesaid motor vehicle.

24. At all times hereinafter mentioned, defendant, Lily Transportation Corp., supervised the aforesaid motor vehicle.

25. At all times hereinafter mentioned, plaintiff, Mario Paredes was the operator of a motor vehicle.

26. At all times hereinafter mentioned, plaintiff, Mario Paredes was the operator of a motor vehicle bearing New York State registration number T708070C.

27. At all times hereinafter mentioned, 678I S/B Van Wyck Expressway in the County of Queens, State of New York, was a public roadway and/or thoroughfare.

28. That on the February 13, 2021, the motor vehicle operated by defendant, Lily Transportation Corp. and the motor vehicle operated by plaintiff, Mario Paredes, were in contact on 678I S/B Van Wyck Expressway at or near its intersection with Hillside Avenue, in the County of Queens, State of New York.

29. That as a result of the aforesaid contact, plaintiff, Mario Paredes, was injured.

30. That the aforesaid occurrence was cause wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

31. That the defendants were negligent, careless, reckless, grossly negligent in the ownership, operation, management, control, repair, inspection, maintenance and supervision of the

3

aforesaid motor vehicles and in the negligent hiring, training, supervision, and retention of those persons operating their motor vehicle.

32. Defendants conduct were willful, wanton, reckless, malicious and/or exhibited a gross indifference to and callous disregard for human life, safety, and the rights of others, and more particularly the rights, life and safety of the plaintiff.

33. Due to the wanton, reckless, malicious and indifferent conduct of the defendants, plaintiff demands punitive damages against defendants in an amount to be determined at trial.

34. That by reason of the foregoing, plaintiff, Mario Paredes, sustained severe, serious and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to his nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to his usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff, Mario Paredes, was otherwise damaged.

35. That plaintiff, Mario Paredes, has sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification of the State of New York.

36. That plaintiff, Mario Paredes, has sustained serious injury and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

37. That plaintiff, Mario Paredes, is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

38. That by reason of the foregoing, plaintiff, Mario Paredes, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction with punitive damages.

4

## AS AND FOR A SECOND CAUSE OF ACTION

39. That at all times hereinafter mentioned, plaintiff, Mario Paredes, repeats, reiterates and realleges each and every allegation contained herein, as though same more fully set forth herein at length.

40. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, hired employees.

41. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, hired employees, and more particularly defendant, Brian Bronson.

42. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, trained its employees.

43. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, trained its employees, and more particularly defendant, Brian Bronson.

44. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, managed its employees.

45. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, managed its employees, and more particularly defendant, Brian Bronson.

46. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, controlled its employees.

47. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, controlled its employees, and more particularly defendant, Brian Bronson.

48. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, supervised its employees.

49. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, supervised its employees, and more particularly defendant, Brian Bronson.

5

50. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, managed, controlled and supervised its employees.

51. At all times hereinafter mentioned, the defendant, Lily Transportation Corp, in its regular course of business, managed, controlled and supervised its employees, and more particularly defendant, Brian Bronson.

52. At all times relevant hereto, defendant, Brian Bronson, was an employee and/or agent of defendant, Lily Transportation Corp, and was acting in the course and scope of his authority with, in furtherance of the business interests of, and at the direction of defendant, Lily Transportation Corp, and accordingly defendant, Lily Transportation Corp, is liable for any and all acts or omissions by defendant, Brian Bronson, which caused harm to plaintiff under the doctrine of respondeat superior.

53. As a direct and proximate result of the causal negligence and carelessness of defendant, Brian Bronson, for which defendant, Lily Transportation Corp, is vicariously liable, plaintiff, Mario Paredes, has been injured and sustained the damages as aforesaid.

54. The aforesaid incident was due solely to the negligence, carelessness and recklessness of the defendant, Lily Transportation Corp, in their hiring, training, supervision, retention and control of their agents, servants, employees, and more particularly defendant, Brian Bronson, and through no fault or lack of care on the part of the plaintiff.

55. The aforesaid incident occurred without justification, cause or warrant.

56. As a result of the aforesaid incident plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demand judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with costs and disbursements of this action.

Dated: Port Washington, New York
      June 1, 2022

Yours, etc.,

*[signature]*

Gerard Ryan, III
**Parker Waichman LLP**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
6 Harbor Park Drive
Port Washington, NY 11050
(516) 466-6500
File #: 2102922

7

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
: ss :
COUNTY OF NASSAU )

Gerard Ryan, III, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am an associate of the firm **Parker Waichman LLP** attorneys for the plaintiff(s) herein.

I have read the foregoing SUMMONS and COMPLAINT and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated: Port Washington, NY
June 1, 2022

Gerard Ryan, III

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MARIO PAREDES

                Plaintiff(s),

   -against-

BRIAN BRONSON and LILY TRANSPORTATION CORP.

                Defendant(s).

## SUMMONS and VERIFIED COMPLAINT

Certification per 22NYCRR §130-1.1a

**Gerard Ryan, III**
**Parker Waichman LLP**
*Attorneys for Plaintiff(s)*
**6 Harbor Park Drive**
**Port Washington, NY 11050**
**(516) 466-6500**

To:
Attorney(s) for

Service of a copy of the within        is hereby admitted.

Dated:

                                            Attorney(s) for

*PLEASE TAKE NOTICE*
NOTICE OF
ENTRY    that the within is a (certified) true copy of a    entered in the office of the Clerk of the within named
        Court on    2022.

NOTICE    that an Order of which the within is a true copy will be presented to the Hon.    , one of the
OF
SETTLEMENT    judges of the within named Court, at ,
    , on
    2022, at    M.

Dated:    Port Washington, New York
           June 1, 2022

                                            Parker Waichman LLP
                                            *Attorneys for Plaintiff(s)*